MORTON *v.* DE YOUNG.

PARTNERSHIP—ACCOUNTING—SALARY OF ONE PARTNER—APPEAL AND ERROR.

Evidence considered, in a suit between members of a partnership, to determine the right of one to compensation for his services, and *held,* to sustain the conclusion of the circuit judge awarding in the decree a salary of a stated amount; the case being held to belong to that class of

disputed questions of fact as to which the conclusion of the circuit judge who heard and saw the witnesses is entitled to especial weight and is therefore controlling.

Appeal from Bay; Collins, J. Submitted January 17, 1915. (Docket No. 92.) Decided March 18, 1915.

Bill by Omar J. Morton against John J. De Young for an accounting and dissolution of partnership. From a decree in favor of defendant, complainant appeals. Affirmed.

*Stoddard & McMillan,* for appellant.

*Cooley & Hewitt,* for appellee.

BROOKE, C. J. The learned trial judge who heard this cause filed a written opinion therein as follows:

"These parties were partners in business from August 1, 1908, until the dissolution of the partnership subsequent to the filing of the bill in this case on March 8, 1913.

"During all of the time the defendant was the general manager of the business. The complainant at no time took any part in the business management, although he was open and ready for advice and assistance when called upon, and at times gave advice in matters in and about the business. It is undisputed that complainant's salary for a short time after August 1, 1908, to January 1, 1909, was $15 per week, and that during the year 1910 the complainant was entitled to a salary of $100 per month.

"Defendant drew a salary from January 1, 1910, until the dissolution of the partnership, at the rate of $100 per month, which the defendant claims he is entitled to. The complainant contends that from and after January 1, 1911, the defendant was not entitled to any salary at any amount.

"The business, while not a large one, has been a prosperous business for the amount invested, and on dissolution has repaid the amount advanced, with good additions. This fact is not a controlling fact in the case, but it is a circumstance which may be fairly considered in disposing of the whole question.

"The law applicable to the case, so far as the compensation of partners is concerned, is undisputed and plain. No partner in a partnership is entitled to compensation, unless there is a special agreement between the partners authorizing such compensation, or unless the facts and circumstances are such that such an agreement may be fairly inferred, and this rule of law is the law of this case.

"On the other hand, where it clearly appears that one partner has performed substantially all of the labor of managing and carrying on the partnership, such circumstance affords an equitable basis and claim for compensation. This is not controlling, and does not modify the rule of law above stated, but it is a circumstance to be considered in adjusting the rights of the parties.

"By the agreement of both parties the defendant was entitled to some compensation as the manager of the business up until January 1, 1910. According to the testimony, the services rendered by him were such as to equitably entitle him to a reasonably fair compensation.

"I have carefully gone over all of the evidence in the case and weighed and considered the same, together with the attendant circumstances, as established by the testimony, and the reasonable and fair inferences to be drawn therefrom, and have reached the conclusion that the defendant is entitled to the $100 per month until the time of the dissolution of the partnership.

"A strong circumstance in the case is the fact that compensation was fixed at $100 per month, which would leave the burden of proof upon the complainant to prove that that fixing of salary had been modified or changed. I do not believe that the greater weight of the testimony so shows.

"There is much conflict in the testimony, and many circumstances are brought in tending to increase such conflict. Each of the parties have the reputation of being high class, honorable, truthful business men, and I believe them to be so, and believe that their disagreement as to the transaction rests in a misunderstanding of terms and different recollections of the same transactions.

"A decree should be entered in accordance with this opinion, but without costs."

We have read the record, which is short, with care, and have reached the conclusion that the trial court properly determined the single issue presented. The case at bar is one peculiarly within that class where, upon a disputed question of fact, the conclusions reached by the trial court should not be disturbed, unless plainly erroneous, because of the fact that he had an opportunity of seeing and hearing the witnesses upon the stand and of noting their manner as the testimony was introduced.

We have not overlooked the strenuous contention made by counsel for appellant that the burden of proof resting upon complainant was fairly borne by him, but are still constrained to hold that the decree entered in the court below was just.

It is therefore affirmed.

MCALVAY, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.